DESHA BANK & TRUST COMPANY *v.* DORAN.

Opinion delivered January 24, 1921.

1. HUSBAND AND WIFE—HUSBAND USING WIFE'S PROPERTY.—Where a husband used his wife's property with her knowledge or consent as a basis of credit, she is estopped to assert her title as against her husband's creditors.

2. HUSBAND AND WIFE—GENERAL ASSIGNMENT AS COLLATERAL—EFFECT.—Where a wife with her husband executed on assignment to a bank of an insurance policy on the husband's life payable to her, the assignment reciting that the transfer was intended "as collateral security, as its interest may appear," though the wife intended to secure a particular loan which was subsequently repaid, yet where she did not notify the bank to that effect nor request the return of the policy, and the bank made subsequent advancements to her husband on the security of the collateral, she will be held bound thereby, though such advancements were made without her knowledge.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*E. E. Hopson* and *Coleman, Robinson & House,* for appellants.

1.  Appellee, innocently perhaps, but none the less effectively, permitted her husband to use and deal with her property as his own, and in such manner as to lead creditors to extend him credit and lend him money, and she is estopped to deny her husband's right to so manage her property. 57 Am. St. Rep. 175 and notes; Ann. Cases 1914 C 1059 and note; 74 Cal. 54; 80 Wis. 605; 199 S. W. 380.

2.  Doran had the right to assign the policy to the bank.  134 Ark. 554.

*J. A. Rachels,* for appellee.

1.  The finding of the chancellor is not clearly against the preponderance of the evidence and must be affirmed. 134 Ark. 454-9; 140 Ark. 366; 71 *Id.* 643; 139 *Id.* 542; 135 *Id.* 205.

2.  Under the testimony and circumstances Ed Doran did not have the power to pledge the policy.  68 Ark. 394; 133 *Id.* 224; 23 A. & E. Ann. Cases 894-5.

SMITH, J.  This cause was tried in the court below upon an agreed statement of facts, from which it appears that Ed Doran carried a policy of life insurance for $5,000 in favor of his wife, Eva B. Doran, which they assigned to the Desha Bank & Trust Company on December 18. 1914.  This assignment reads as follows:

"FOR VALUE RECEIVED,

"We hereby assign and transfer unto Desha Bank & Trust Company of Arkansas City, Arkansas, as collateral security, as its interests may appear, all our right, title and interest in and to policy No. 1459 issued by the Citizens' Life Insurance Company, Anchorage, Kentucky, on the life of Ed Doran and all dividends and benefits thereunder whatsoever, subject to the conditions and

regulations of the company. We do also, for ourselves, our executors and administrators, guarantee the validity and sufficiency of this assignment to the above named assignee, its successors and assigns, and its title to the said policy will forever warrant and defend.

"Witness our hands and seals this ............... day of September, 1914.

"Ed Doran, Insured.

"Eva Doran, Beneficiary."

This assignment was acknowledged before a notary public, and was later approved by the president of the insurance company.

The assignment was made to secure a debt then due the bank by Doran and which was paid within a year. When Doran paid the debt, he advised the president of the bank that he would leave the policy with the bank as general collateral for anticipated future accommodations. Mrs. Doran was not present at that time, and knew nothing of this arrangement, but she allowed the policy, with the assignment thereof, to remain at the bank until the death of her husband about two years later, during which interval he obtained credit from time to time from the bank. Mrs. Doran did not know that her husband was using the policy as collateral, and did not know that the bank was not aware of her attitude, but on the faith of this collateral the bank advanced to her husband the sum of money sued for. The bank sought to hold the policy as collateral—in lieu of which a sum of money equal to the sum sued for was, by consent, deposited by Mrs. Doran with the bank.

The court found for Mrs. Doran, and this appeal is from that decree.

It will be observed that, while Mrs. Doran did not intend that the policy should be held as collateral for any debt of her husband except the debt then due, and did not know that her husband was using the policy and the assignment thereof as a basis for additional credits, the fact remains that she did not thus limit the use of the policy in the assignment which she made. The writing

is a general assignment, and transfers the policy to the bank as collateral security "as its interests may appear." The officers of the bank did not know that the assignment was not intended to be as general as it appeared to be from its face.

Here the husband used the wife's property as a basis of credit. Had this been done with her knowledge or consent, the case would be free from difficulty. Under numerous decisions of this and other courts, she would then be estopped to assert her title as against her husband's creditors. But it is agreed that she did not have this actual knowledge, and the question is, shall that knowledge be imputed to her?

We think the equities of the case require this to be done. The bank must lose its debt, or Mrs. Doran must pay it. One of two innocent persons must suffer. Mrs. Doran made no request for the return of the policy. She must have known that the debt which it secured had matured, and as no fraud is shown in the procurement of the execution of the assignment she is charged with notice that she had executed a writing sufficiently comprehensive to enable her husband to make the use of the policy which he did make. She knew the policy and the assignment were in the hands of the bank, but made no inquiry as to whether her husband had taken up either of them.

Under the circumstances we think the bank was warranted in assuming that Doran was not using the policy as collateral without authority from his wife; and, if this be true, Mrs. Doran is as much bound as if she had consciously permitted her husband to use the policy as collateral.

The decree of the court below will therefore be reversed, and the cause will be remanded with directions to enter a decree against Mrs. Doran for the sum due by her husband at the time of his death, with interest.